| | |
|---|---|
| 1 | LITTLER MENDELSON, P.C. |
| | ARTHUR M. EIDELHOCH, Bar No. 168096 |
| 2 | aeidelhoch@littler.com |
| | NANCY L. OBER, Bar No. 49683 |
| 3 | nlober@littler.com |
| | 650 California Street, 20th Floor |
| 4 | San Francisco, California 94108.2693 |
| | Telephone:   415.433.1940 |
| 5 | Facsimile:   415.399.8490 |
| 6 | Attorneys for Defendant |
| | SALESFORCE.COM, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| STEVEN L. LORAIN, | Case No. C11-4934 EMC |
|---|---|
| Plaintiff, | **MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| SALESFORCE.COM, INC., | **[Fed. R. Civ. P. 12(b)(6)]** |
| Defendant. | Date:   December 23, 2011 |
| | Time:   1:30 p.m. |
| | Courtroom: 5 |
| | Judge:   Hon. Edward M. Chen |
| | COMPLAINT FILED: October 5, 2011 |
| | TRIAL DATE: No date set. |

Defendant SALESFORCE.COM, INC. ("Defendant") hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the Complaint in this action for failure to state a claim upon which relief may be granted on the ground that the Complaint fails to state a claim upon which relief may be granted.  This Motion is based upon the attached Memorandum of Points and Authorities, the documents and pleadings on file herein, and on such matters as may be presented at the hearing on this motion.

MOTION TO DISMISS                                                                    Case No. C11-4934 EMC

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     INTRODUCTION

In this action Plaintiff is seeking a declaratory judgment extending the period for which he may continue coverage under the Company's group health plan pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §1163, *et seq.* Specifically, Plaintiff is asking the Court to declare that his COBRA qualifying event was not the leave of absence that caused him to lose Company-paid health coverage in June 2010 (when he in fact elected COBRA), but his termination of employment, which occurred over a year later, in August 2011.  In addition or alternatively, Plaintiff seeks a declaratory judgment that he is entitled to an 11-month disability extension of his COBRA coverage based upon his qualification for long-term disability ("LTD") benefits under the Company's LTD policy.

The Complaint should be dismissed.  Under COBRA and the final IRS COBRA regulations, Plaintiff's loss of group health plan coverage due to his reduction in hours (leave of absence), was the COBRA qualifying event, and the duration of his COBRA coverage must be measured from that event.  His subsequent termination of employment does not constitute an additional qualifying event.  Further, Plaintiff is not entitled to an extension of COBRA in the absence of a determination by the Social Security Administration that he is disabled.  Entitlement to private LTD insurance does not suffice.

Plaintiff's Complaint is fundamentally flawed because it lacks any basis in law and cannot be amended to state a cognizable legal claim.  Therefore, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

II.    STATEMENT OF FACTS

According to the allegations of the Complaint, Plaintiff was hired by Defendant on August 6, 2006 and left work or about January 21, 2010 for eye surgery. (Complaint, p. 3, ll. 22-23; p. 3, ll. 15-18.)  After the surgery was performed, he qualified for disability payments under a Hartford disability policy provided by Defendant. (Complaint, p. 3, ll. 18-24.)  In or about March 2010 Plaintiff returned to work. (Complaint, p. 4, ll. 8-10.)  He experienced difficulty performing his work and returned to disability status. (Complaint, p. 5, ll. 8-9.)  In June 2010, salesforce.com

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

MOTION TO DISMISS          2.          Case No. C11-4934 EMC

refused to continue providing company-paid medical benefits and Plaintiff was required to begin paying for his medical coverage under COBRA. (Complaint, p. 5, ll.10-13.) Plaintiff's employment with Defendant was terminated effective August 12, 2011. (Complaint, p. 5, ll. 23-24.) His 18 months of medical coverage under COBRA will expire on December 31, 2011. (Complaint, p. 5, ll. 15-18.)

### III.   ARGUMENT

#### A.   Standard of Review

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. at 1949.

Here the Complaint utterly fails to state a plausible claim for relief.

#### B.   Plaintiff's Termination Was Not a COBRA Qualifying Event.

In Count I of the Complaint, Plaintiff alleges that he is entitled to 18 months of COBRA coverage measured from his termination of employment. His claim is meritless. Under COBRA, the plan sponsor of a group health plan is required to permit a "qualified beneficiary" to elect to continue group health coverage under the plan on a self-pay basis when coverage would otherwise be lost due to a "qualifying event." 29 U.S.C. §1161, *et seq*. A "qualifying event"

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

MOTION TO DISMISS                         3.                         Case No. C11-4934 EMC

includes not only an employee's termination of employment, but also a reduction in the employee's hours that makes the employee ineligible for employer-paid coverage.

> For purposes of this part, the term "qualifying event" means, with respect to any covered employee, any of the following events which, but for the continuation coverage required under this part, would result in the loss of coverage of a qualified beneficiary:
>
> \* \* \*
>
> (2) The termination (other than by reason of such employee's gross misconduct), *or* reduction of hours, of the covered employee's employment.
>
> \* \* \*

[Emphasis added.] 29 U.S.C. §1163. Thus, the statute provides that a qualifying event may occur either due to a termination of employment or a reduction of hours – not both.

Plaintiff alleges that in June 2010 Defendant refused to continue providing medical benefits for him while he was on disability leave, and that he was required to begin paying for his medical coverage under COBRA.[1] The maximum required period of COBRA coverage where the qualifying event is a reduction of hours or termination of employment is 18 months. 29 U.S.C. §1162(2)(A)(1). Plaintiff's 18 months of COBRA will expire at the end of December 2011. Plaintiff's termination of employment 14 months after he qualified for COBRA based on his disability leave does not constitute another COBRA qualifying event entitling him to a further 18 months of COBRA. A loss of coverage due to a reduction of the employee's hours is the qualifying event unless the reduction is followed <u>immediately</u> by termination of employment.

> (e) A reduction of hours of a covered employee's employment occurs whenever there is a decrease in the hours that a covered employee is required to work or actually works, but only if the decrease is not accompanied by an immediate termination of employment. ... For example, an absence from work due to disability, layoff, or any other reason (other than due to leave that is FMLA leave...) is a reduction of hours of a covered employee's employment if there is not an immediate termination of employment.

---

[1] Plaintiff did in fact elect COBRA in June 2010. See the June 26, 2010 COBRA election form attached as Exhibit C to the Declaration of Alice Vichaita in Support of Opposition to Motion for Declaratory Judgment, filed November 14, 2011. For purposes of a motion to dismiss, in addition to the allegations in the complaint, the court may also consider documents which are attached to, or incorporated by reference into, the complaint. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). Here, Plaintiff's June 2010 COBRA election is effectively incorporated by reference.

1  26 C.F.R. §54.4980B-4, Q/A-1(e) ("What is a qualifying event?")

2  Plaintiff cannot avail himself of the provisions for extensions of COBRA due to multiple qualifying events. COBRA permits coverage to be extended beyond 18 months in the case of certain "multiple" qualifying events that occur after the employee's qualifying event and during the initial 18 months of COBRA – but the extension is only available to the employee's dependents who would lose coverage due to events such as the death of the employee, divorce, or a child's reaching the maximum age of coverage. See, 29 U.S.C. §§1162(2)(A)(ii), 1163. There is no provision for the covered employee's extension of the 18-month required COBRA period except where the employee qualifies for a disability extension. 29 U.S.C. §1162(2)(A)(viii). (As discussed below, Plaintiff does not qualify for a disability extension either.) In *Burgess v. Adams Tool & Engineering, Inc.*, 908 F. Supp. 473 (W.D. Mich. 1995), the plaintiff made the same claim that Plaintiff is making here – that he was entitled to a second 18-month COBRA period when his reduction of hours was followed several months later by his resignation. The court rejected the plaintiff's contention that he had experienced multiple COBRA qualifying events, concluding that an employee's termination or reduction of hours is a single qualifying event. "Inasmuch as Mr. Burgess experienced a qualifying event as a result of his reduction in hours, he cannot claim a second qualifying event resulting from his termination." *Burgess* at 477.

Plaintiff's termination was not converted into a qualifying event by the fact that his August 10, 2011 termination letter erroneously included a paragraph advising Plaintiff that his "current health benefits" would continue until the end of the month, after which he would have the right to continue coverage under COBRA at his own expense, and that COBRA information would be sent to him. (Complaint, p. 5, l. 25 – p. 6, ll. 1-13.)[2] The quoted paragraph from a form termination letter was plainly inapplicable to Plaintiff. At the time of his termination he had no "current health benefits" from Defendant to lose. He had already lost his company-provided benefits in June 2010 due to his disability leave, and he was already on COBRA. Moreover, the erroneous reference to COBRA in the termination letter was not followed by a COBRA notice or opportunity

---

[2]  A copy of the August 10, 2011 termination letter is attached as Exhibit E to the Declaration of Alice Vichaita in Support of Defendant's Opposition to Plaintiff's Motion for Declaration Judgment on file herein.

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

MOTION TO DISMISS                           5.                          Case No. C11-4934 EMC

to make a COBRA election: Since that letter, Plaintiff admittedly has not received any COBRA paperwork. (Complaint, p. 6, ll. 14-15.)

### C. Plaintiff Is Not Entitled to an 11-Month Disability Extension of COBRA.

In Count II of his Complaint, Plaintiff seeks an 11-month disability extension of his COBRA coverage. He argues that because Hartford determined him to be disabled for purposes of the disability insurance policy provided by Defendant, "there is no dispute" that he is disabled and therefore, the requirement of a Social Security Administration ("SSA") determination of disability is "*de facto* satisfied." Plaintiff offers no legal authority for waiving the SSA determination requirement. Under COBRA, to qualify for a disability extension Plaintiff must be determined by the SSA to have been disabled under title II or XVI of the Social Security Act during the first 60 days of his COBRA coverage, and he must provide notice of the SSA's determination to the plan administrator before the end of his 18 months of COBRA coverage. 29 U.S.C. §1162(2)(A)(viii). Plaintiff is not entitled to a waiver of that requirement even if, as he contends, Defendant "knew" that he was disabled. *See, Walker v. Rock-Tenn Converting Co., Inc.*, 2010 U.S. Dist. LEXIS 12176 (S.D. Ala. 2010) (ruling that the disability extension is available only if the qualified beneficiary has provided timely notice of the SSA disability determination of disability to the plan administrator; whether employer knew of the employee's disabling injury was irrelevant; defendants' motion to dismiss granted).

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion should be granted and the Complaint dismissed with prejudice.

Dated: November 14, 2011

/s/ *Nancy L. Ober*
ARTHUR M. EIDELHOCH
NANCY L. OBER
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendant
SALESFORCE.COM, INC.

Firmwide:105041621.1 068297.1003